# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CELINE SA,**<br><br>Plaintiff,<br><br>~ *versus* ~<br><br>**THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>Defendants. | Case No. **1:24-cv-06208**<br><br>**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**<br><br>*and*<br><br>**COUNTERCLAIM** |

**COME NOW** the Answering Defendant identified as **BUTABY**, ("Defendant") with their Answer to the Complaint and do respectfully allege as follows:

## I.        ANSWER TO ALLEGATIONS ABOUT "JURISDICTION AND VENUE"

1.        The allegations in Paragraph 1 of the Complaint are legal argument, to which no response is required.  To the extent that any response is required, the Defendant denies that the Complaint makes out a valid claim under the Lanham Act.

2.        The allegations in Paragraph 2 of the Complaint are legal argument, to which no response is required.  To the extent that any response is required, the Defendant denies that they are subject to personal jurisdiction in Illinois, deny that Venue is proper, and deny that they may be sued in this District.

**ANSWER TO ALLEGATIONS ABOUT "INTRODUCTION"**

3.      The Defendant denies the allegations in Paragraph 3 as it relates to the Defendant.  With respect to the allegations in Paragraph 3 of the Complaint about other Defendants, the Defendant is without sufficient information to form a belief, and on that basis respectfully denies those allegations.

4.      The Defendant denies the allegations in Paragraph 4 as it relates to the Defendant.  With respect to the allegations in Paragraph 4 of the Complaint about other Defendants, the Defendant is without sufficient information to form a belief, and on that basis respectfully denies those allegations.

**III.     ANSWER TO ALLEGATIONS ABOUT "THE PARTIES"**

5.      Defendant is without knowledge of the allegations in Paragraph 5 of the Complaint and on that basis respectfully denies those allegations.

6.      Defendant is without knowledge of the allegations in Paragraph 6 of the Complaint and on that basis respectfully denies those allegations.

7.      Defendant is without knowledge of the allegations in Paragraph 7 of the Complaint and on that basis respectfully denies those allegations.

8.      Defendant is without knowledge of the allegations in Paragraph 8 of the Complaint and on that basis respectfully denies those allegations.

9.      Defendant is without knowledge of the allegations in Paragraph 9 of the Complaint and on that basis respectfully denies those allegations.

10.     Defendant is without knowledge of the allegations in Paragraph 10 of the Complaint and on that basis respectfully denies those allegations.

11. Defendant is without knowledge of the allegations in Paragraph 11 of the Complaint and on that basis respectfully denies those allegations.

12. Paragraph 12 Complaint and the accompanying chart (pages 5 through 13 of the Complaint) purport to summarize public records which speak for itself and to which no response is required. To the extent that any response is required, the Defendant is without sufficient independent knowledge of the allegations in Paragraph 12 of the Complaint and the accompanying chart and on that basis respectfully denies those allegations.

13. a. Defendant is without knowledge of the allegations in the First Sentence of Paragraph 13 of the Complaint and on that basis respectfully denies those allegations.

b. The Second and Third Sentence of Paragraph 13 Complaint and incorporated chart and Exhibit purport to describe and summarize public records which speak for itself and to which no response is required. To the extent that any response is required, the Defendant is without sufficient independent knowledge of the allegations in the Second and Third Sentence of Paragraph 13 of the Complaint and the accompanying chart and on that basis respectfully denies those allegations

c. The Fourth Sentence of Paragraph 13 of the Complaint is legal argument, to which no response is required. To the extent that any response is required, the Defendant is without sufficient independent knowledge of the allegations in the Fourth Sentence of Paragraph 14 of the Complaint and on that basis respectfully denies those allegations.

14. Defendant is without knowledge of the allegations in Paragraph 14 of the Complaint and on that basis respectfully denies those allegations.

15. Defendant is without knowledge of the allegations in Paragraph 15 of the Complaint and on that basis respectfully denies those allegations.

16. Defendant is without knowledge of the allegations in Paragraph 16 of the Complaint and on that basis respectfully denies those allegations.

17. Defendant is without knowledge of the allegations in Paragraph 17 of the Complaint and on that basis respectfully denies those allegations.

18. a. Defendant admits that it operates an e-commerce store under the Seller Alias "BUTABY" and denies all remaining allegations in the First Sentence of Paragraph 18 as it relates to the Defendant. The Defendant is without information about the allegations of the First Sentence of Paragraph 18 as it relates to the other Defendants and on that basis respectfully denies those allegations.

b. Defendant admits that it operates under the law of and resides in the People's Republic of China. The Defendant denies all remaining allegations in the Second Sentence of Paragraph 18 as it relates to the Defendant. The Defendant is without information about the allegations of the Second Sentence of Paragraph 18 as it relates to the other Defendants and on that basis respectfully denies those allegations.

b. The Third Sentence of Paragraph is legal argument to which no response is required, and to the extent that any response is required the Defendant is without information to form a belief as to those allegations and on that basis respectfully denies those allegations. The Defendant is without information about the allegations of the Third Sentence of Paragraph 18 as it relates to the other Defendants and on that basis respectfully denies those allegations.

19. a. Defendant admits that it operates an e-commerce store under the Seller Alias "BUTABY" and denies all remaining allegations in the First Sentence of Paragraph 19 as it relates to the Defendant. The Defendant is without information about the allegations of

the First Sentence of Paragraph 19 as it relates to the other Defendants and on that basis respectfully denies those allegations.

> b. The remaining allegations in Paragraph 19 purport to describe what Celine is and is not able to do and what Celine intends to do in the future, to which no response is required. To the extent that any response is required, the Defendant is without information about the remaining allegations in Paragraph 19 and on that basis respectfully denies those allegations.

**ANSWER TO ALLEGATIONS ABOUT "DEFENDANTS' UNLAWFUL CONDUCT"**

20. Defendant is without knowledge of the allegations in Paragraph 20 of the Complaint and on that basis respectfully denies those allegations.

21. Paragraph 21 purports to describe an Exhibit which speaks for itself and to which no response is required. To the extent that any response is required, the Defendant is without information about the allegations in Paragraph 21 and on that basis respectfully denies those allegations.

22. Paragraph 22 purports to describe an Exhibit which speaks for itself and to which no response is required. To the extent that any response is required, the Defendant is without information about the allegations in Paragraph 22 and on that basis respectfully denies those allegations.

23. Paragraph 23 purports to describe an Exhibit which speaks for itself and to which no response is required. To the extent that any response is required, the Defendant is without information about the allegations in Paragraph 23 and on that basis respectfully denies those allegations.

24.    Paragraph 24 purports to describe an Exhibit which speaks for itself and to which no response is required.  To the extent that any response is required, the Defendant is without information about the allegations in Paragraph 24 and on that basis respectfully denies those allegations.

25.    Defendant admits that it has set up and operating e-commerce stores that target consumers using the Alias BUTABY, that it offered shipping in the United States, including Illinois, and accepted payment in U.S. Dollars.  The Defendant denies all other allegations in Paragraph 25 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 25 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

26.    Defendant admits that it accepts payment in U.S. dollars.  Defendant admits that Celine has not licensed or authorized it to use any of the Celine Trademarks.  The Defendant admits that it is not an authorized retailer of genuine Celine products.  The Defendant denies all other allegations in Paragraph 26 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 26 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

27.    The Defendant denies all allegations in Paragraph 27 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 27 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

28.    The Defendant denies all allegations in Paragraph 28 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph

28 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

29.     The Defendant denies all allegations in Paragraph 29 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 29 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

30.     The Defendant denies all allegations in Paragraph 30 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 30 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

31.     The Defendant denies all allegations in Paragraph 31 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 31 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

32.     The Defendant admit that as a Chinese company they maintain domestic accounts.  They deny all other allegations in Paragraph 32 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 32 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

33.     The Defendants deny all allegations in Paragraph 33 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 33 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.

34.     The Defendants deny all allegations in Paragraph 34 of the Complaint as it relates to the Defendant.  The Defendant is without information as to the allegations in Paragraph 34 of the Complaint as it relates to the other Defendants and on that basis respectfully denies those allegations.


## ANSWER TO ALLEGATIONS ABOUT "COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)"

35.     Defendant incorporates all responses in the preceding paragraphs.

36-41.  Paragraphs 36 through 41 are a recital of the elements of a claim and to which no response is required.  To the extent that any response is required, the Defendant denies each and every legal claim and factual allegation in Paragraphs 36 through 41 of the Complaint.


## ANSWER TO ALLEGATIONS ABOUT "COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)"

42-46.  Paragraphs 42 through 46 are a recital of the elements of a claim and to which no response is required.  To the extent that any response is required, the Defendant denies each and every legal claim and factual allegation in Paragraphs 36 through 41 of the Complaint.

47.     Any and all unaddressed allegations in the Complaint are denied.


*[Remainder of Page Intentionally Left Blank]*

**AFFIRMATIVE DEFENSES**

Without altering the burden of proof, **BUTABY** respectfully assert the following affirmative defenses based on the limited investigation that they have been able to conduct into the allegations in the facts underlying Complaint, which investigation is not yet complete.

The Answering Defendants respectfully reserve the right to assert all relevant affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Trademark Laws of the United States, and any other defense, at law or in equity, that may now exist or in the future may be available based on Discovery and further investigation in this case, with leave of Court, should that be necessary.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>
**This Court has no Jurisdiction over BUTABY**

1. This Honorable Court has no Jurisdiction over the Answering Defendants.

2. There is no Personal Jurisdiction over the Defendant in Illinois

3. There is No Jurisdiction over the Answering Defendant because Plaintiff has not Served Process on the Answering Defendant.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>
**The Complaint Fails to State a Claim against BUTABY**

4. The Complaint fails to state any cause of action against the Answering Defendant.

5. Other than a bald claim of infringement, the Complaint and its Exhibits, and later filed supplementary affidavits provide no basis to establish infringement by the Defendant.

6. Further, a review of supplemental material submitted in support of a Motion to Vacate filed in this case specifically shows that there was *no infringement* in this case.

### THIRD AFFIRMATIVE DEFENSE
**The Trademark Covers the use of the Wordmark or Logomark
and not any Design Patent**

7.     The Trademark claimed in the Complaint is for the wordmark and logomark of Celine.  Not for any Design Patent.

8.     The only claim against the Answering Defendant, is that they sold a product which product and marketing included no wordmark and no logomark of Celine.

9.     For this reason, the Plaintiff has no trademark claim for any purported similarity between the Defendant's products and those of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
**No Infringement by BUTABY**

10.     There was no infringement by the Defendant.  They never sold any product or used marketing that contained the Plaintiff's logomark or word mark.

### FIFTH AFFIRMATIVE DEFENSE
No Damages from Alleged Infringements

11.     Plaintiff has not alleged and cannot establish that it has suffered any damages as a result of any of the alleged infringements described in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
**No Irreparable Damages**

12.     Plaintiff is barred from seeking temporary and/or injunctive relief because it has not alleged and cannot show that it will suffer irreparable harm from the alleged infringement because any alleged actionable injury to Plaintiff can be adequately compensated by damages.

**SEVENTH AFFIRMATIVE DEFENSE**
Damages Demand has No Basis in Fact or Law

13.　To the extent that the Plaintiff seeks enhanced damages and an award of fees and costs, the Complaint has not alleged and the Plaintiff cannot show that there is any basis in law or fact for such relief.

**EIGHTH AFFIRMATIVE DEFENSE**
Claim is Barred Under Equitable Doctrines

14.　The Plaintiff's action is barred, in whole or in part, under the doctrines of waiver, estoppel, laches, ratification, unclean hands, and/or acquiescence.

**NINTH AFFIRMATIVE DEFENSE**
**Claim is Barred by Documentary Evidence**

15.　Plaintiff's claims are barred by documentary evidence.

**TENTH AFFIRMATIVE DEFENSE**
**Unjust Enrichment**

16.　Plaintiff would be unjustly enriched if the judgment on the causes of action in the Complaint were granted.

**ELEVENTH AFFIRMATIVE DEFENSE**
**Plaintiff's Culpable Conduct**

17.　Plaintiff's claims are barred by its own culpable conduct and/or the culpable conduct of the Plaintiff's agents.

## TWELFTH AFFIRMATIVE DEFENSE
### Venue Improperly Lain

18. Even assuming there is jurisdiction in Illinois (there isn't), Venue is not properly lain in the Northern District of Illinois.


## RESERVATION OF AFFIRMATIVE DEFENSES

19. Answering Defendant have insufficient knowledge and information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. Defendant expressly reserves the right to assert any other legal or equitable defenses that may be available to Answering Defendants based upon legal theories which may or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's claim and positions in this litigation.


DATED:     March 5, 2025

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **SHENZHEN MUZHIYUAN TRADING CO., LTD.,**<br><br>Plaintiff,<br><br>~ *versus* ~<br><br>**THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>Defendants.<br>———————————————————<br>**YIWUSHIXUHENGMAOYIYOUXIANGONGSI,**<br><br>Counterclaim-Plaintiff,<br><br>~ *versus* ~<br><br>**CELINE SA;**<br>*and* **JOHN DOES 1 – 10,**<br><br>Counterclaim-Defendant. | Case No. **1:24-cv-12032**<br><br>**COUNTERCLAIM** |

      **COME NOW** the Counterclaim-Plaintiff **YIWUSHIXUHENGMAOYIYOU-XIANGONGSI** (identified in the Complaint and here as "BUTABY"), and alleges their Counterclaims against Plaintiff/Counterclaim-Defendant CELINE SA and John Does 1 – 10 as follows:

## i. INTRODUCTION

1. The Temporary Restraining Order and Preliminary Injunction was obtained in this case by CELINE SA and their collaborators without providing the Court full disclosure about the nature of the claims and by submitting only a token Undertaking.

2. The Preliminary Injunction was wrongly imposed, later vacated, and caused significant financial and other damage to the Counterclaim Plaintiff.

3. The financial damage caused by Celine SA and its collaborators to the Butaby includes, but is not limited to: (i.) the de-listing of their ASINs; (ii.) the freezing of Butaby's financial accounts, which limited Butaby's ability to conduct business in U.S. dollars; (iii.) irreparable damage to the "algorithm" used by sales platforms that will persist long after the TRO/PI is lifted; and (iv.) otherwise caused the Counterclaim Plaintiff a significant loss of revenue.

4. Celine's ten thousand ($10,000.00) Undertaking, which will be released to Butaby, does not even begin to cover the damages suffered by the Counterclaim Plaintiff.

5. This Counterclaim is the minimal step that the Counterclaim Plaintiff can take to recover some of the damages they suffered from Celine SA and their collaborators' bad faith efforts to enforce a trademark against a non-infringer; Celine SA and their collaborators' intentional and targeted interference with Defendant's existing contractual relationships with Amazon; Celine SA's and their collaborators' unfair and deceptive trade practices, and other causes of action described more fully in this Counterclaim.

6. Counterclaim Plaintiff's respectfully reserve the right to Amend, with leave of Court if required, this Counterclaim to account for further information and clarification that

may become apparent during Discovery in this case, and as appropriate to supplement the record with additional relevant facts, causes of action, identity of the John Doe defendants, and other theories of liability.

## ii.    PARTIES

7.      Counterclaim    Plaintiff    **YIWUSHIXUHENGMAOYIYOUXIAN-GONGSI** is a company organized and existing under Chinese law which operates an Amazon store under the name "**BUTABY**".

8.      According to their Complaint filed in this case, the Counterclaim-Defendant **CELINE SA** is organized under French law and its principal place of business is at Paris, France. Where appropriate in this Counterclaim, Celine SA s referred to as "Celine" or "Counterclaim-Defendant".

9.      **JOHN DOES 1-10** are collaborators with Celine SA who are responsible for the torts described here.  At this time, these collaborators are identified in this Counterclaim as **JOHN DOES 1-10**, because the John Does true identities are not known to the Counterclaim Plaintiff but are known to the Counterclaim-Defendant.

10.     Upon the identification of the John Does during Discovery or otherwise, the Counterclaim-Plaintiff reserve the right to amend this Counterclaim – with leave of Court if required – to more fully identify the John Does 1-10 and allege their role in the filing of the bogus Complaint.

## iii.    FACTUAL BACKGROUND

11.     Celine SA competes with Butaby, as they are both sellers to the American market of sunglasses.

12.     In their Complaint filed in this case, and the accompanying Motion for a Temporary Restraining Order and Preliminary Injunction, Celine falsely claimed that BUTABY engaged in trademark infringement.

13.     Celine failed to disclose to the Court when applying for the Temporary Restraining Order and Preliminary Injunction that BUTABY's listing and products did not infringe CELINE's Marks.

14.     Upon information and belief, neither Celine SA nor any of its agents or John Doe collaborators failed to conduct a sufficient investigation related to the alleged infringement, sufficient facts to support jurisdiction in Illinois under Seventh Circuit percent, or any actual information to support the conspiracy claim that Celine's marketplace competitors had acted collectively.

15.     Instead, the Complaint was based on generic, non-specific formulaic allegations in its Complaint, that could have been alleged against any Defendant by any purported IP holder.  By Celine's own admission, the actual Defendants dragged into this suit could be mixed and matched without any impact on the validity of the suit, as evidenced by the use of a 'Schedule A' and initial filing under seal.

16.     To evade any challenge to the requested temporary restraining order by his victims, Celine requested that the TRO be issued under seal, which it was on September 10, 2024. That was converted into a Preliminary Injunction on October 8, 2024.

17.     The Injunction froze Butaby's ASINs and financial accounts.

18.     On March 5, 2025, the Court vacated the Preliminary Injunction, deeming it to have been providentially granted and based on misrepresentations by Celine.

19.     The *Noerr-Pennington* doctrine does not bar these Counterclaim because the Complaint was not a legitimate petition to the Court, but a sham claim to exploit the Schedule A system to crush a competitor and not a bona fide effort to enforce legitimate intellectual property rights.

### IV.     CAUSES OF ACTION

**First Counterclaim**
**Declaratory Judgment of Non-Infringement of the Trademark**

20.     Counterclaim-Plaintiff respectfully repeats, re-alleges, and incorporates all allegations in the preceding Affirmative Defenses and Counterclaims, as if they were fully set forth herein.

21.     Counterclaim-Plaintiff has not infringed any Trademark owned by Celine and are entitled to a declaration to that effect.

22.     Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Counterclaim-Plaintiff are entitled to a declaratory judgment that they have not infringed any Trademark of Celine.

23.     This is an exceptional case entitling Counterclaim-Plaintiff to an award of their attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285 and other appropriate provisions of the Federal Rules, law and practice.

**Second Counterclaim**
**(Abuse of Process under Illinois State Law)**

24.     Counterclaim-Plaintiff respectfully repeats, re-alleges, and incorporates all allegations in the preceding Affirmative Defenses and Counterclaims, as if they were fully set forth herein.

25.     Counterclaim-Defendant brought this lawsuit with an ulterior motive to block their competitors in the open market, and not in furtherance of any valid claim against the Counterclaim-Plaintiff.

26.     Counterclaim-Defendant obtained a Temporary Restraining Order and Preliminary Injunction with insufficient disclosure to the Court of the true facts and circumstances of the circumstances of the Trademark and alleged infringement, and these successful restraints on the Defendants were an act in the use of legal process that were not proper in the regular prosecution of the proceedings.

27.     Because the Complaint and the Temporary Restraining Order/Preliminary Order was a sham, the *Noerr-Pennington* doctrine does not bar this Counterclaim for Abuse of Process under Illinois State law.

28.     As a direct and proximate cause of this abuse of process, the Counterclaim-Plaintiff suffered damages in an amount that will be determined at trial, but upon information and belief is in no event less than $500,000.00 for the appearing Counterclaim-Plaintiff, which amount continues to rise daily because as of the filing of this Counterclaim the freeze remains in place.

**Third Counterclaim**
**(Interference with Contractual Relations under Illinois State law)**

29.     Celine brought this lawsuit with an ulterior motive to block their competitors in the open market, and not in furtherance of any valid claim against Butaby.

30.     Butaby had a valid and existing contract with Amazon in order to sell their products through Amazon.com.

31.     Counterclaim-Plaintiff are informed and believe, and on that basis allege, that Celine knew of Butaby's contractual relationships with Amazon.  The basis for this belief includes, but is not limited to, the allegations in the Complaint about Butaby's listings on Amazon.com, which was only possible if and because there was a contract between Butaby and Amazon.com.

32.     Butaby is informed and believe, and on that basis allege, that Celine intentionally interfered with that contractual relationship and furthermore knowingly and unjustifiably asserted materially false allegations of Trademark infringement against Butaby to have Amazon remove Butaby's listings and to and eliminate competition with Celine by Butaby.

33.     As a direct and proximate consequence of Celine's improper acts, Butaby's listings were wrongly removed from Amazon.

34.     As a direct and proximate consequence of Celine's improper acts, Butaby suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

35.     As a direct and proximate consequence of Celine's improper acts, the Butaby's products were delisted through improper means that were and are unlawful and fraudulent.

36.     As a direct and proximate cause of Celine's tortious interference with contractual relations, Butaby suffered damages in an amount that will be determined at trial, but upon information and belief is in no event less than $500,000.00, which amount rises daily because as of the filing of this Counterclaim the freeze remains in place

### COUNTERCLAIM-PLAINTIFF RESPECTFULLY SEEK A JURY TRIAL FOR ALL ISSUES SO TRIABLE BY JURY

### V.     PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim Plaintiff respectfully requests that the Court:

A.     Enter a Declaratory Judgment that Celine's Trademarks have not been infringed by Butaby;

B.     Declare that this case is exceptional and that Counterclaim Defendant must therefore be ordered to pay Counterclaim Plaintiff their reasonable attorneys' fees and costs, pursuant to 35 U.S.C.§ 285, and other relevant laws, rules, and practices of this Honorable Court;

C.     Order the Counterclaim-Defendant to pay the Counter-Plaintiff damages in an amount to be determined at trial, but in no event less than $500,000.00 as of the filing of this Counterclaim, and which rises daily, together with interest, legal fees and costs, and other expenses;

D.     Enter such further and additional relief as is necessary to correct for the anticompetitive market effects caused by the Counter Defendant's unlawful conduct, as the Court may deem just and proper under the circumstances; *and*

E.     Award Counterclaim Plaintiff such other legal and equitable relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**John B. Haarlow, Jr., Esq.**
**Lindsay Elizabeth Dansdill, Esq.**
**MERCER OAK LLC**
29 N. Ada Street
Chicago, IL  60607
**e-mails:**  Linsdsay@merceroaklaw.com
John@merceroaklaw.com
*Counsel for Celine SA,*
*Plaintiff / Counterclaim-Defendant*