IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CELINE SA., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 1:24-cv-6208 <br><br> District Judge Robert W. Gettleman <br><br> Magistrate Judge Jeffrey Cole |
| YIWUSHIXUHENGMAOYIYOUXIANGONGSI, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> CELINE SA and JOHN DOES 1 – 10, <br><br> Counterclaim-Defendants. | |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT CELINE SA'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

Plaintiff/Counterclaim-Defendant Celine S.A. ("Plaintiff" or "Counterclaim Defendant" or "Celine") by and through its undersigned counsel, submit its Answer and Affirmative Defenses to Defendant Butaby's ("Defendant" or "Counterclaim Plaintiff" or "Butaby") Counterclaim, stating as follows:

1

## I. INTRODUCTION

1. The Temporary Restraining Order and Preliminary Injunction was obtained in this case by CELINE SA and their collaborators without providing the Court full disclosure about the nature of the claims and by submitting only a token Undertaking.

**ANSWER:** Celine denies the allegations of this Paragraph.

2. The Preliminary Injunction was wrongly imposed, later vacated, and caused significant financial and other damage to the Counterclaim Plaintiff.

**ANSWER:** Celine admits only that the Preliminary Injunction was vacated. Plaintiff denies the

remaining allegations of this Paragraph.

3. The financial damage caused by Celine SA and its collaborators to the Butaby includes, but is not limited to: (i.) the de-listing of their ASINs; (ii.) the freezing of Butaby's financial accounts, which limited Butaby's ability to conduct business in U.S. dollars; (iii.) irreparable damage to the "algorithm" used by sales platforms that will persist long after the TRO/PI is lifted; and (iv.) otherwise caused the Counterclaim Plaintiff a significant loss of revenue.

**ANSWER:** Celine denies the allegations of this Paragraph.

4. Celine's ten thousand ($10,000.00) Undertaking, which will be released to Butaby, does not even begin to cover the damages suffered by the Counterclaim Plaintiff.

**ANSWER:** Celine denies the allegations of this Paragraph.

5. This Counterclaim is the minimal step that the Counterclaim Plaintiff can take to recover some of the damages they suffered from Celine SA and their collaborators' bad faith efforts to enforce a trademark against a non-infringer; Celine SA and their collaborators' intentional and targeted interference with Defendant's existing contractual relationships with Amazon; Celine SA's and their collaborators' unfair and deceptive trade practices, and other causes of action described more fully in this Counterclaim.

**ANSWER:** Celine denies the allegations of this Paragraph.

6. Counterclaim Plaintiff's (sic) respectfully reserve the right to Amend, with leave of Court if required, this Counterclaim to account for further information and clarification that may become apparent during Discovery in this case, and as appropriate to supplement the record with additional relevant facts, causes of action, identity of the John Doe defendants, and other theories of liability.

**ANSWER:** Celine can neither admit nor deny the statements in this Paragraph as it is not an allegation directed to it. To the extent a response is required, Celine denies that Defendant should be entitled to amend its Counterclaim.

## II. PARTIES

7. Counterclaim Plaintiff **YIWUSHIXUHENGMAOYIYOUXIAN- GONGSI** is a company organized and existing under Chinese law which operates an Amazon store under the name "**BUTABY**".

**ANSWER:** Celine lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and therefore denies same.

8. According to their Complaint filed in this case, the Counterclaim-Defendant **CELINE SA** is organized under French law and its principal place of business is at Paris, France. Where appropriate in this Counterclaim, Celine SA s referred to as "Celine" or "Counterclaim-Defendant".

**ANSWER:** Celine admits the allegations of this Paragraph.

9. **JOHN DOES 1-10** are collaborators with Celine SA who are responsible for the torts described here. At this time, these collaborators are identified in this Counterclaim as **JOHN DOES 1-10**, because the John Does true identities are not known to the Counterclaim Plaintiff but are known to the Counterclaim-Defendant.

**ANSWER:** Celine lacks knowledge or information sufficient to form a belief about the truth of the allegations of this Paragraph and therefore denies same.

10. Upon the identification of the John Does during Discovery or otherwise, the Counterclaim-Plaintiff reserve (sic) the right to amend this Counterclaim – with leave of Court if required – to more fully identify the John Does 1-10 and allege their role in the filing of the bogus Complaint.

**ANSWER:** Celine can neither admit nor deny the statements in this Paragraph as it is not an allegation directed to it. To the extent a response is required, Celine denies that Counterclaim-Plaintiff should have the right to amend its Counterclaim.

## III. FACTUAL BACKGROUND

11. Celine SA competes with Butaby, as they are both sellers to the American market of sunglasses.

**ANSWER:** Celine denies the allegations of this Paragraph.

12. In their Complaint filed in this case, and the accompanying Motion for a Temporary Restraining Order and Preliminary Injunction, Celine falsely claimed that BUTABY engaged in trademark infringement.

**ANSWER:** Celine denies the allegations of this Paragraph.

13. Celine failed to disclose to the Court when applying for the Temporary Restraining Order and Preliminary Injunction that BUTABY's listing and products did not infringe CELINE's Marks.

**ANSWER:** Celine denies the allegations of this Paragraph.

14. Upon information and belief, neither Celine SA nor any of its agents or John Doe collaborators failed to conduct a sufficient investigation related to the alleged infringement, sufficient facts to support jurisdiction in Illinois under Seventh Circuit percent [sic], or any actual information to support the conspiracy claim that Celine's marketplace competitors had acted collectively.

**ANSWER:** Celine denies the allegations of this Paragraph that are directed to it. Celine lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and therefore denies same.

15. Instead, the Complaint was based on generic, non-specific formulaic allegations in its Complaint, that could have been alleged against any Defendant by any purported IP holder. By Celine's own admission, the actual Defendants dragged into this suit could be mixed and matched without any impact on the validity of the suit, as evidenced by the use of a 'Schedule A' and initial filing under seal.

**ANSWER:** Celine denies the allegations of this Paragraph.

16. To evade any challenge to the requested temporary restraining order by his victims, Celine requested that the TRO be issued under seal, which it was on September 10, 2024. That was converted into a Preliminary Injunction on October 8, 2024.

4

**ANSWER:** Celine admits that it requested that a TRO be issued under seal, that it was so issued on September 10, 2024 and that the TRO was converted into a Preliminary Injunction on October 8, 2024. Celine denies the remaining allegations of this Paragraph.

17. The Injunction froze Butaby's ASINs and financial accounts.

**ANSWER:** Celine admits that certain on Butaby's ASINs and payment accounts were frozen. Celine lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this Paragraph and therefore denies same.

18. On March 5, 2025, the Court vacated the Preliminary Injunction, deeming it to have been providentially granted and based on misrepresentations by Celine.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine admits only that the Court vacated the Preliminary Injunction on March 5, 2025, but denies the remaining allegations of this Paragraph.

19. The *Noerr-Pennington* doctrine does not bar these Counterclaim because the Complaint was not a legitimate petition to the Court, but a sham claim to exploit the Schedule A system to crush a competitor and not a bona fide effort to enforce legitimate intellectual property rights.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

## IV. CAUSES OF ACTION

### First Counterclaim
### (Declaratory Judgment of Non-Infringement of the Trademark)

20. Counterclaim-Plaintiff respectfully repeats, re-alleges, and incorporates all allegations in the preceding Affirmative Defenses and Counterclaims, as if they were fully set forth herein.

5

**ANSWER:** Celine incorporates its answers to the allegations set forth above by reference with the same force and effect as if fully repeated.

21. Counterclaim-Plaintiff has not infringed any Trademark owned by Celine and are entitled to a declaration to that effect.

**ANSWER:** Celine denies the allegations of this Paragraph.

22. Under 28 U.S.C. §§ 2201 and 2202, and Title 35 of the United States Code, Counterclaim-Plaintiff are entitled to a declaratory judgment that they have not infringed any Trademark of Celine.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

23. This is an exceptional case entitling Counterclaim-Plaintiff to an award of their attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285 and other appropriate provisions of the Federal Rules, law and practice.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

**Second Counterclaim**
**(Abuse of Process under Illinois State Law)**

24. Counterclaim-Plaintiff respectfully repeats, re-alleges, and incorporates all allegations in the preceding Affirmative Defenses and Counterclaims, as if they were fully set forth herein.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

25. Counterclaim-Defendant brought this lawsuit with an ulterior motive to block their competitors in the open market, and not in furtherance of any valid claim against the Counterclaim-Plaintiff.

**ANSWER:** Celine denies the allegations of this Paragraph.

26. Counterclaim-Defendant obtained a Temporary Restraining Order and Preliminary Injunction with insufficient disclosure to the Court of the true facts and circumstances of the circumstances of the Trademark and alleged infringement, and these successful restraints on the Defendants were an act in the use of legal process that were not proper in the regular prosecution of the proceedings.

**ANSWER:** Celine denies the allegations of this Paragraph.

27. Because the Complaint and the Temporary Restraining Order/Preliminary Order was a sham, the *Noerr-Pennington* doctrine does not bar this Counterclaim for Abuse of Process under Illinois State law.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

28. As a direct and proximate cause of this abuse of process, the Counterclaim-Plaintiff suffered damages in an amount that will be determined at trial, but upon information and belief is in no event less than $500,000.00 for the appearing Counterclaim-Plaintiff, which amount continues to rise daily because as of the filing of this Counterclaim the freeze remains in place.

**ANSWER:** Celine denies the allegations of this Paragraph.

### Third Counterclaim
### (Interference with Contractual Relations under Illinois State law)

29. Celine brought this lawsuit with an ulterior motive to block their competitors in the open market, and not in furtherance of any valid claim against Butaby.

**ANSWER:** Celine denies the allegations of this Paragraph.

30. Butaby had a valid and existing contract with Amazon in order to sell their products through Amazon.com.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

31. Counterclaim-Plaintiff are informed and believe, and on that basis allege, that Celine knew of Butaby's contractual relationships with Amazon. The basis for this belief includes, but is not limited to, the allegations in the Complaint about Butaby's listings on Amazon.com, which was only possible if and because there was a contract between Butaby and Amazon.com.

**ANSWER:** Celine states that the allegations of this Paragraph state one or more legal conclusions to which no response is required. To the extent a response is required, Celine denies the allegations of this Paragraph.

32. Butaby is informed and believe, and on that basis allege, that Celine intentionally interfered with that contractual relationship and furthermore knowingly and unjustifiably asserted materially false allegations of Trademark infringement against Butaby to have Amazon remove Butaby's listings and to and eliminate competition with Celine by Butaby.

**ANSWER:** Celine denies the allegations of this Paragraph.

33. As a direct and proximate consequence of Celine's improper acts, Butaby's listings were wrongly removed from Amazon.

**ANSWER:** Celine denies the allegations of this Paragraph.

34. As a direct and proximate consequence of Celine's improper acts, Butaby suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

**ANSWER:** Celine denies the allegations of this Paragraph.

35. As a direct and proximate consequence of Celine's improper acts, the Butaby's products were delisted through improper means that were and are unlawful and fraudulent.

**ANSWER:** Celine denies the allegations of this Paragraph.

36. As a direct and proximate cause of Celine's tortious interference with contractual relations, Butaby suffered damages in an amount that will be determined at trial, but upon information and belief is in no event less than $500,000.00, which amount rises daily because as of the filing of this Counterclaim the freeze remains in place.

**ANSWER:** Celine denies the allegations of this Paragraph.

## **AFFIRMATIVE DEFENSES**

1. Each Count of the Counterclaim fails to state a claim upon which relief may be granted.

2. Butaby's claims are barred, in whole or in part, by the doctrine of unclean hands. Specifically, Butaby has engaged in unlawful acts that it admitted, including the sale of counterfeit

goods bearing the registered trademark of Celine and product listings bearing the registered trademarks of Celine.

3. Butaby's claims arise from its own illegal conduct, including the willful infringement of Celine's registered trademark and the sale of counterfeit goods bearing the registered trademark and/or using infringing listing names and/or keywords. Butaby cannot base its claims on rights or expectations arising from illegal acts.

4. Butaby's claims are barred because Celine has demonstrated through purchase of merchandise sold through Butaby's Amazon storefront that Butaby has engaged in unlawful counterfeiting and trademark infringement.

5. Butaby has not suffered any cognizable injury or damages as a result of Celine's conduct. Any alleged harm is speculative, self-inflicted, or the result of Butaby's own illegal activities.

6. Butaby is estopped from asserting its claims because it knowingly engaged in the sale of counterfeit goods and trademark infringement and is attempting to benefit from its own wrongful conduct.

7. Butaby's Counterclaim is barred under the doctrine of *in pari delicto*. Butaby engaged in conduct equal to or more wrongful than any alleged conduct by Celine by knowingly selling counterfeit CELINE sunglasses and using Celine's trademarks. As such, Butaby cannot seek to recover for harm resulting from a transaction or course of dealing in which it participated as an active wrongdoer.

8. Butaby's claims are barred by the equitable doctrine of laches, due to undue delay in asserting any such claims, to the extent any such delay can be shown.

9. Most of Butaby's claims are barred because, as a matter of law, Butaby cannot recover attorneys' fees incurred in the Lawsuit.

10. Celine's petitioning activity in seeking judicial enforcement of its intellectual property rights is protected under the Noerr-Pennington doctrine and the First Amendment, barring the abuse of process and tortious interference counterclaims.

11. Celine at all times acted in good faith and with probable cause in asserting its claims. There was a reasonable basis for seeking a temporary restraining order and preliminary injunction, and all applications to the Court were made upon facts and law believed to be accurate and applicable.

12. Communications, filings, and actions taken in the course of judicial proceedings are absolutely or qualifiedly privileged and cannot form the basis of liability for abuse of process, tortious interference, or other torts.

13. To the extent Celine's communications with Amazon or other third parties were made in furtherance of enforcing its rights under the Lanham Act or other statutes, such communications are immune from liability or preempted under applicable federal and state law, including but not limited to 47 U.S.C. § 230 and any relevant safe harbor provisions.

14. Butaby failed to take reasonable steps to mitigate its alleged damages, if any.

15. Celine reserves the right to assert additional affirmative defenses as may become apparent through discovery or further factual investigation.

Dated April 23, 2025.                    Respectfully submitted,

/s/ *Lindsay E. Dansdill*
*Counsel for Plaintiff Celine SA*

Lindsay E. Dansdill (ARDC #6289316)
John Haarlow, Jr. (ARDC #6283018)
MERCER OAK LLC
29 North Ada Street
Chicago, IL  60607
(872) 248-0601
lindsay@merceroaklaw.com
john@merceroaklaw.com

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 23, 2025, I will cause the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, published on a website, and cause to be sent an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Nicolas Lambert and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ *Lindsay E. Dansdill*
*Counsel for Plaintiff Celine SA*