**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| **CELINE SA.,** | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-6208 |
| **THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**, | District Judge Robert W. Gettleman |
| Defendants. | Magistrate Judge Albert Berry III |
| **BUTABY,** | |
| Counterclaim Plaintiff/Defendant, | |
| v. | |
| **CELINE SA.,** | |
| Counterclaim Defendants/Plaintiff. | |

**MOTION TO WITHDRAW AS COUNSEL FOR
<u>PLAINTIFF/COUNTERCLAIM DEFENDANT</u>**

John B. Haarlow and Lindsay E. Dansdill of Mercer Oak, LLC, pursuant to Local Rule 83.17 of the United States District Court for the Northern District of Illinois and Rule 1.16(b) of the Illinois Rules of Professional Conduct, hereby file their Motion to Withdraw as Counsel for Plaintiff/Counterclaim Defendant, Celine SA, in this matter. In support of their Motion, counsel state as follows:

1. Nomadic Tech Group Limited, a UK software technology company responsible for gathering evidence of counterfeiting for Plaintiff Celine, SA, engaged the undersigned as counsel for Celine SA in this and other matters. Nomadic and Celine are collectively referred to herein as the Client.

2. The Client has failed to pay legal fees owed to counsel for services rendered, despite multiple requests and reasonable opportunities to do so. The unpaid legal fees relate to this matter, and other matters for which counsel represented the Client. Some of these unpaid fees have been due and owing for more than a year.

3. Under Illinois Rule of Professional Conduct 1.16(b)(5), a lawyer may withdraw if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, the Client's failure to pay counsel's fees permits counsel to withdraw from representing the Client in this matter. Counsel has repeatedly advised the Client that amounts are due and owing for counsel's fees, and the Client has failed to indicate that the overdue amounts will be paid.

4. In addition, the Client has unilaterally changed the circumstances of counsel's engagement. This unilateral change has altered the manner in which services are delivered and altered the practical and financial terms to which counsel agreed at the outset of engagement.

5. Under Illinois Rule of Professional Conduct 1.16(b)(6), a lawyer may withdraw where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Here, the Client's unilateral changes to the manner in which services are delivered and to the agreed practical and financial terms relating to

the engagement have posed both an unreasonable financial burden on counsel and have rendered continued representation unreasonably difficult.

6. Finally, the dispute between counsel and the Client that has arisen from these circumstances has caused a fundamental breakdown in the attorney-client relationship such that counsel's ability to zealously represent the Client has been compromised. Counsel cannot effectively represent a client with whom it has an ongoing dispute. This breakdown makes counsel's continued representation of the Client unreasonably difficult under Rule 1.16(b)(6) and constitutes other good cause for withdrawal under Rule 1.16(b)(7).

7. Counsel has notified the Client of its intent to withdraw and has taken reasonable steps to avoid foreseeable prejudice, including advising the Client to retain substitute counsel and offering to cooperate in the orderly transition of representation, and otherwise. The Client has not identified substitute counsel.

8. Pursuant to Local Rule 87.17, a Notification of Party Contact Information is attached hereto as Exhibit 1.

9. This Motion is not brought for purposes of delay and will not have a material adverse effect on the interests of the Client. *See* Rule 1.16(b)(1). There is only one other party in this matter, and the Court has set a scheduling order requiring the parties to propound written discovery by July 23, 2025 (but neither has done so) and set a fact discovery cutoff of January 15, 2026. (Dkt. 75.) To ensure the Client has sufficient time to obtain substitute counsel, the undersigned request that the Court extend the deadline to issue written discovery by thirty (30) days, until August 22, 2025. The undersigned counsel believe that there is sufficient time to complete written and oral fact discovery by the January 15, 2026 deadline with the proposed extension.

WHEREFORE, John B. Haarlow and Lindsay E. Dansdill of Mercer Oak, LLC, respectfully request that the Court grant their Motion to Withdraw as Counsel for the Client, continue the deadline to issue written discovery thirty (30) days, to August 22, 2025, and for such other and further relief as the Court may deem appropriate.

Dated this 16th day of July, 2025.     Respectfully submitted,

/s/ Lindsay E. Dansdill
*Counsel for Plaintiff Celine SA*

John Haarlow, Jr. (ARDC #6283018)
Lindsay E. Dansdill (ARDC #6289316)
MERCER OAK LLC
29 North Ada Street
Chicago, IL  60607
(872) 248-0601
john@merceroaklaw.com
lindsay@merceroaklaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney, upon oath, hereby certifies that on July 16, 2025, she caused a true and correct copy of the foregoing to be submitted to the Court's CM/ECF system for filing, causing a copy to be sent to:

>Baruch S. Gottesman, Esq.
>Gottesman Legal PLLC
>baruchgottesman@gmail.com
>Counsel for Defendant/Counterclaim Plaintiff Butaby

/s/*Lindsay E. Dansdill*