**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **CELINE S.A.,** | |
| Plaintiff, | **Case No.: 1:24-cv-6208** |
| ~ *against* ~ | **Judge:** The Honorable Robert W. Gettleman |
| **THE PARTNERSHIPS** *and* **UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** | **Magistrate Judge:** The Honorable Albert Berry III |
| Defendants, | |

**JOINT STATUS REPORT**

Pursuant to the Honorable Court's Order (ECF 85) to submit a Joint Status Report, the Plaintiff **CELINE S.A. ("Celine")** and Defendant/Counterclaim Plaintiff **YIWUSHIXUHENGMAOYIYOU ("Butaby")**, the Parties respectfully submit as follows (with any points of disagreement noted where appropriate):

**Introductory Statement:**

After the Honorable Court issued the scheduling Order on May 13, 2025, Counsel for the Plaintiff/Counterclaim-Defendant filed a motion to withdraw on July 16, 2025. Plaintiff/Counterclaim-Defendant asked the Court for, and was granted, an extension to engage new counsel. As a practical result, this matter postponed Discovery for nearly two months as the Motion to Withdraw was pending (See ECF 79-81).

1

New Counsel for the Plaintiff/Counterclaim-Defendant appeared in late August, and the Parties now respectfully submit this Joint Status Report to update the Honorable Court on the progress of the case and scheduling of Discovery.

### 1.     Description of Claims and Relief Sought

a.     Plaintiff claims that the Defendant engaged in Trademark Infringement and other violations of the Lanham Act by offering for sale and selling eyewear using the Plaintiff's Trademarks. The basis for federal jurisdiction is the Lanham Act.

Defendant's primary defense is that they did not offer for sale or sell eyewear using the Plaintiff's Trademarks. Defendant also takes the position that the Honorable Court had no personal jurisdiction over the Defendant and that service of process was improper.

The Counterclaimant seeks a Declaratory Judgment of non-infringement, and damages for Abuse of Process and Tortious Interference with Contractual Relations pursuant to Illinois law for the wrongly-obtained TRO and preliminary injunction. Upon identification of the companies and individuals responsible for the misrepresentations that led to the issuance of the wrongly-obtained TRO and preliminary injunction, the Counterclaimant intends to Amend the Counterclaim (with leave of Court to the extent required) to identify those John Doe Counterclaim-Defendants.

The basis for federal jurisdiction is the Lanham Act, Declaratory Judgment Act, and because the claims arise as Counterclaims out of the same operative nucleus of fact as the original Complaint.

Counterclaimant-Defendant's primary defenses were Affirmative Defenses in their Answer to the Counterclaim, *See* ECF 67 at p. 8, *et seq.*. Counterclaimant-Defendant intends to provide additional defenses.

b.    Plaintiff seeks a permanent injunction against the Defendant's continued sale of infringing products and damages from the infringement.

Counterclaimant seeks a Declaratory Judgment that they have not infringed the Plaintiff's Mark(s), and actual damages in the amount of $500,000.00, plus interest and legal fees and appropriate exemplary damages.

## 2.    Referral Cases

This matter has been referred to the Honorable Magistrate Judge Albert Berry III for Discovery matters.

## 3.    Discovery Schedule

On May 13, 2025, the Parties submitted a Discovery schedule that sought to conclude non-expert Discovery by the beginning of next year, and to revisit the schedule (if relevant) of Expert Discovery in February 2026, *See* ECF 74.

Initial Production pursuant to Fed. R. Civ. P. 26(a)(1) was exchanged in early May 2025.  The exchange of written Discovery demands due in July was interrupted by the Motion to Withdraw filed by Plaintiff's (now former) Counsel.

**a.     The deadline for Fed. R. Civ. P. 26(a)(1) disclosures.**

Initial Disclosures were exchanged in May 2025.

**b.     A date to issue written discovery requests.**

The parties propose that written requests be exchanged on **October 22, 2025**, with responses and/or objections due on **December 3, 2025**.

Assuming that any cross-motions to compel or quash are resolved by the end of December 2025, the Parties propose that Depositions of key witnesses and inspections occur on a schedule to be decided by the Parties after the close of written Discovery through January 2025 and February 2026.

**c.     A fact discovery completion date**

Assuming the timely resolution of any cross-motions to compel/quash the parties propose a fact discovery completion date of **March 2, 2026**.

Per the Honorable Court's practices, the Court will set expert discovery deadlines at that time.

4. **Consideration of Issues Concerning Electronically Stored Information ("ESI").**

At this time the Parties do not anticipate the need for unique ESI discovery protocols. To the extent that during Discovery it becomes apparent that one is needed, the Parties will endeavor to reach an agreement on a Stipulation to present to the Court for approval.

5. **Settlement**

    a.    Settlement discussions between the Counterclaimant and the Plaintiff's prior Counsel were mostly unproductive. However, Plaintiff's new counsel intends to pursue a settlement and to actively engage with Counterclaimant's counsel to resolve this matter.

    b.    The Parties respectfully submit that a settlement conference at the close of fact discovery may be productive, but such a conference at this time would be premature.

6. **Magistrate Judge Consent**

The parties respectfully decline to consent to have Judge Berry conduct the substantive proceedings in this case.

7. **Pending Motions**

There are no pending Motions at this time.

8.      **Trial**

Not applicable as the Parties have not consented to trial before the Honorable Magistrate Judge Berry.

9.      **Other Matters**

As noted above, upon the production of written discovery from the Plaintiff, the Counterclaimant anticipates that they will be moving to amend the Counterclaim to identify the John Doe Defendants.  If that Motion to Amend is contested and/or takes a long time to resolve, then the post-written Discovery (Depositions and Inspection) may be delayed.

DATED:      **SEPTEMBER 16, 2025**

| Counsel for Plaintiff/Counterclaim-Dff | Counsel for Defendant/Counterclaimant |
|---|---|
| /s/ Paul Kossof | /s/ |
| Paul Joseph Kossof, Esq. | Baruch S. Gottesman, Esq. |
| KOSSOFIPR | GOTTESMAN LEGAL PLLC |
| 1509 Waukegan Road, #1162 | 11 Broadway, Suite 615 |
| Glenview, IL  60025 | New York, NY 10004 |
| Kossofipr@outlook.com | bg@gottesmanlegal.com |
| *Counsel for Celine S.A.* | *Counsel for Butaby* |

SO ORDERED

_____
Albert Berry III, U.S. Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Paul Kossof, Esq.**

Paul Joseph Kossof, Esq.
KOSSOFIPR
1509 Waukegan Road, #1162
Glenview, IL  60025
Kossofipr@outlook.com
    *Counsel for Celine S.A.*