**Baruch S. Gottesman**
Attorney and Counselor at Law

October 29, 2025

**Via Personal Service**
Phil Groves
c/o DAC Management LLC
200 S. Wacker Dr., Suite 3100
Chicago IL   60606
  *or where he may be found*

**Re:    Service of Subpoena in**
       **Celine v. The Partnerships, *et al.*,**
       **Case No. 1:24-cv-06208 (N.D.Ill.)**

Colleague:

Attached please find the subpoena with attached Schedule A propounded on DAC Management LLC, by the Defendant/Counterclaim-Plaintiff "Butaby" (YIWUSHIXUHENGMAOYIYOUXIANGONGSI) in the matter of *Celine v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:24-cv-06208 (N.D.Ill.).

Please see the attached for the formal notice, but generally the details are as follows:

> **Production**
> Via e-mail to bg@gottesmanlegal.com
> or to my office address if hard copies
> November 28, 2025 at 9:00 A.M. C.D.T.
>
> **Deposition of Phil Groves**
> Servcorp – Chicago
> 155 N. Wacker Street, Ste. 4250
> Chicago, IL 60606
> December 2, 2025 at 12:00 P.M. C.D.T.
>
> **Inspection of Facilities where**
> **Test Buys are Documented and Currently Held**
> Address known to witness
> December 2, 2025 at 9:00 A.M. C.D.T.

Thank you for your prompt attention to this matter.

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
bg@gottesmanlegal.com

Attachments: Subpoena and Schedule A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| CELINE SA <br> *Plaintiff* <br> v. <br> The Partnerships and Unincorporated Associations Identified on Schedule "A" <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:24-cv-06208 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Phil Groves c/o DAC Management LLC
200 S. Wacker Street, Ste 3100, Chicago, IL 60606 or where he may be found

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: YOU ARE COMMANDED to produce the documents described in Schedule A on or before November 28, 2025 at 9:00 A.M. C.D.T. to bg@gottesmanlegal.com or 11 Broadway, Suite 615, New York, NY 10004 hereto and to have an authorized corporate representative appear for deposition at the date and time set forth below:

| Place: Servcopr - Chicago, 155 North Wacker, Ste. 4250 Chicago, IL 60606, or as otherwise agreed by the Parties | Date and Time: <br> December 2, 2025 at 10:00 P.M. C.D.T. |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Physical location/warehouse/office where purported test buys described in the Groves Affidavit are documented and currently being held | Date and Time: <br> December 2, 2025 at 9:00 A.M. C.D.T. |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/28/2025

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* "BUTABY" , who issues or requests this subpoena, are:
Baruch S. Gottesman, Esq., 11 Broadway, #615, New York, NY 10004 (212) 401-6910, bg@gottesmanlegal.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-06208

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Add Attachment | Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Schedule A

## Documents to be Produced in Response to the Subpoena Served Upon Phil Groves by the Defendant/Counterclaim-Plaintiff BUTABY

**Definitions:**

When used in these requests:

1. Unless otherwise indicated, when used in this Request, the term "Plaintiff" shall refer to Plaintiff/Counterclaim Defendant **CELINE S.A.** and any of their successors or predecessors in interest, agents, representatives or any employee, consultant, attorney or other person acting on behalf of the Plaintiff. For purposes of these requests, this also includes any agency or contractor hired by Celine S.A. with respect to the investigation into infringement alleged in this case by the Plaintiff.

2. Unless otherwise indicated, when used in this Request, the word "Defendant" refers to Defendant/Counterclaim known as "Butaby" and legally (as transcribed in pinyin) as Yiwushixuhengmaoyiyouxiangongsi, and any of their Members, parent companies, subsidiary companies, affiliates, divisions, successors or predecessors in interest, agents, representatives or any officer, director, member, employee, consultant, attorney or other person acting on behalf of Butaby.

3. "You" or "Your" shall refer to Phil Groves and any agent(s) involved in responding to this Request.

4. Unless otherwise indicated, when used in this Request the term "Complaint" and "Pleadings" shall refer collectively to all of the Pleadings filed in the matter of *Celine S.A. v. The Partnerships and Unincorporated Associations Identified in Schedule A*, 1:24-cv-06208 (N.D.Ill.), including but not limited to the Complaint (ECF 1), the Answer and Counterclaim (ECF

61), the Answer to the Counterclaim (ECF 67), and all other factual Affidavits and legal arguments filed in this case. Any docket numbers referred to in these instructions and the Requests will also refer to the docket in the above-described matter.

5. "Concern" or "concerning" means relating to, referring to, describing, evidencing, reflecting, constituting, citing, quoting, regarding, involving, representing, discussing, mentioning, containing, analyzing, supporting, embodying, identifying, incorporating, commenting on, considering, recommending, dealing with or pertaining to in whole or in part.

6. "Relate to," "relating to" or "concerning" any given subject, in addition to their customary and usual meanings, mean any document or documents that comprise, constitute, contain, embody, evidence, identify, reflect, state, refer to, deal with or are in any way pertinent to that subject, including but not limited to, documents concerning the preparation of other documents.

7. "Document" is used herein in the broadest possible sense permitted by the Federal Rules and includes any written, graphic or other recorded (whether visibly, electronically, or otherwise) matter of whatever kind or nature, including computer files, or discs, or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed, copied or retrieved, whether originals, copies or drafts (including, without limitation, non-identical copies), however produced or reproduced. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions. The term "original" includes the file copy or copies of any document if there is no actual original or ribbon copy. "Document" shall include, without limitation, the following items: letters; correspondence; papers; facsimiles; memoranda; contracts; agreements; communications, including newspaper or other periodical reports or articles; records; books; journals; statements; reports; bills; billings; invoices;

worksheets; charges; summaries or records or notes of telephone conversations; telephone logs; telephone bills; calendars; personal diaries and appointment books; logs; forecasts; financial statements; statistical statements; management letters; accountants' or clients' work papers; balance sheets; bank records; tax returns; manuals; graphs; charts; diagrams; blueprints; drawings; sketches; minutes or records of meetings or conferences; orders; resolutions; reports or summaries of interviews or investigations or negotiations opinions or reports of consultants; appraisals; reports; brochures; pamphlets; circulars; trade letters; press releases; mag cards; telex files; wires; cables; electronic mail communications, whether currently in electronic form or in hard copy; instant messages; text messages; Skype calls; summaries; tabulations; tallies; notes; jottings; projections; marginal notations; photographs; specifications; securities ledgers or other records of original entry; checks, back and front; video or audio recordings; lists; instructions; tapes; computer tapes; computer printouts; and other documents or writings of whatever description.

    8. "Communication" shall refer to every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether orally or by documents or whether face-to-face, by telephone, mail, Whatsapp message, Skype, text, social media message, email, facsimile, personal delivery, social media message, or otherwise, including, but not limited to, any written, oral, telephonic, or other inquiry, examination, notice, representation, discussion, conversation, correspondence, telegram, negotiation, review, claim, agreement, understanding, meeting or interview.  "Communication between" any individual or entity and any other individual or entity includes communications going in either direction between those individuals or entities.

    9. "Include" or "including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as meaning "including, but not limited to,"

and shall not be interpreted to exclude any information otherwise within the scope of these requests.

10. "Person(s)" shall not be limited to individuals, but shall mean any person, business or other entity, including, but not limited to, any government, governmental body, commission, board, agency, corporation, partnership, limited liability company, association, joint venture, sole proprietorship, firm, business enterprise, or legal entity of any type.

11. Reference to the singular shall include the plural, and reference to the plural shall include the singular. The use of the past tense form of any word shall include the present tense and vice versa. All pronouns shall apply equally to the male, female, neutral or non-binary genders. "And", "or", and "and/or" shall always be construed in such a way as to include (rather than exclude) requested documents. "Any" shall be construed to include the word "all" and vice versa.

**Instructions:**

1. If any portion of any document is responsive to any request, the Defendant Counterclaimant respectfully demands that the entire document be produced. All documents are to be produced in their entirety, without abbreviation, redaction or expungement, and including both front and back of those documents that have printed matter or handwriting on both sides.

2. All these requests should be considered to include requests for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the documents themselves.

3. All documents are to be produced in the same form and in the same order within each file in which they existed prior to production, and the file folders, boxes or other containers or bindings in which such documents are found are to be produced intact, including the

title, labels, or other descriptions of each such folder, box or other binding container. Documents that are computer files shall be produced in the same form they are kept on your computer system, including within the folders that they were found. Any documents which cannot be scanned or legibly copied must be produced in its original form.

    4. Documents shall be produced in their original file folders, or, in lieu thereof, any writing on the file folders from which documents are taken shall be copied and appended to such documents. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with each numbered paragraph and each lettered subparagraph of this request for production in response to which such documents are being produced.

    5. If any of document requests cannot be satisfied in full, you are to produce documents to the extent possible, specifying the reason for your inability to produce further documents, and stating what knowledge or belief you have concerning the unproduced portion.

    6. These document requests shall be understood as a request for all documents or information that is available, including, but not limited to, documents in the possession, custody, or control of your past or present attorneys, agents, employees or investigators, or anyone else acting at your direction or on your behalf, and not merely documents held by you.

    7. If any document responsive to these requests is withheld on the grounds of any privilege, then the Defendant demands a document-by-document listing on the privilege log that shall contain at least the following information:

      a. The type of document (e.g., e-mail, letter, memorandum, account statement, etc.);

      b. The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

    c.    The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

    d.    If the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation;

    e.    The subject matter of the information contained in the document;

    f.    The nature of the privilege claimed;

    g.    A brief explanation of why the document is believed to be privileged.

    h.    The holder of the privilege claimed.

8. Original documents are to be produced where possible, and copies thereof shall also be produced if any copy is not identical to the original.

9. If a requested document is stored in a computer database, hard drive, disk, cloud service or any other non-analog format, then produce either a printed copy of the document, or a copy of the computer files or other medium on which the document is stored.

10. If, for any reason, any of the documents or tangible things requested have been destroyed, lost, or otherwise disposed of, state for each such category the following information:

    a.    The date the documents or tangible thing was lost, destroyed or disposed of;

    b.    All witnesses who have knowledge of the loss, destruction or disposal;

    c.    All documents which relate to the loss, destruction or disposal of the object or tangible thing; and

    d.    The details concerning the loss of such documents.

11. This document request is continuing in nature. If, after responding to this request, you obtain any further documents responsive hereto, you are required to produce all such

subsequently acquired documents.

## Defendant/Counterclaim-Plaintiff's Initial Demands for Production to Phil Groves

**Request 1 –** All documents and communications relating to the allegations in the Pleadings and the subject matter of this case.

**Request 2 –** All documents drafted, prepared, written and/or modified by you in connection with the allegations in the Pleadings and the subject matter of this case.

**Request 3 –** All documents and communications between you and any third party in connection with the allegations in the Pleadings and the subject matter of the case.

**Request 4 –** All documents and communications that relate to any admission or statement against interest by any party that is related to this case.

**Request 5 –** All documents and communications that relate to any statement made to anyone by the Plaintiff that is related to this case.

**Request 6 –** All documents and communications related to any statements, interviews, discussions, affidavits or certifications whether oral or written, from any person, whether or not a party to this action, regarding the subject matter of the Pleadings.

**Request 7 –** All documents relied on in responding to these Demands.

**Request 8 –** All filings, pleadings, proceedings, judgments, decrees, awards or verdicts ever filed by or against you in any legal or administrative proceeding in any jurisdiction since July 24, 2014 through the date of these Demands.

**Request 9 –** All documents that evidence the Defendant's corporate status, ownership structure, and activities in the United States since it was organized through the date of these Demands.

**Request 10 –** All documents related to the hiring and use of outside investigators (including infringement investigators) including contracts, e-mails, reports or other communications.

**Request 11 –** Any documentation of the actual sale by the Plaintiff of the accused intellectual property, including any licenses with third parties to sell, use or practice the intellectual property at issue in this case in the United States.

Request 12 – All documents and communications with or about Phil Groves and DAC Management LLC that relate to the engagement of Mr. Groves and DAC Management by the Plaintiff or its agents, all photographs and other documents provided by Phil Groves and DAC Management LLC to the Plaintiff, the accuracy of the facts alleged in the Pleadings including the Affidavit by Mr. Groves, all drafts and of documents prepared for and/or by Mr. Groves related to these proceedings; and any investigation performed by DAC Management LLC related to the allegations in the Complaint and Counterclaim whether before or after they were docketed.

Request 13 – All documents and communications with or about "Nomadic" that relate to the engagement of Nomadic by the Plaintiff or its agents, all photographs and other documents provided by Nomadic to you, the identity of e-commerce stores that sold counterfeit Celine merchandise through Amazon and/or other platform from July 24, 2014 through the present; and any investigation performed by DAC Management LLC related to the allegations in the Complaint and Counterclaim whether before or after they were docketed.

Request 14 – The Plaintiff has disclosed that Paul Kossof would be a witness to this case (Rule 26(a) Disclosures at p. 3. To the extent that you or the Plaintiff claim any attorney-client privileged over any communications with Paul Kossof because those communications were for the purpose of providing legal advice and or attorney work product (or any other privilege) then please provide a copy of all Letters of Engagement and other documentation that evidences the attorney-client relationship between you, the Plaintiff and/or Paul Kossof and a detailed log of each and every allegedly privileged communication and/or document with or by Paul Kossof as described in Paragraph 7 of the Instructions.

Request 15 – All documents and communications with or about Paul Kossof that relate to the engagement of Paul Kossof by the Plaintiff or its agents, all photographs and other documents provided by Paul Kossof to you, the accuracy of the facts alleged in the Pleadings, the identity of e-commerce stores that sold counterfeit Celine merchandise through Amazon and/or other platform; and any investigation performed by DAC Management LLC related to the allegations in the Complaint and Counterclaim whether before or after they were docketed.

Request 16 – All documentation related to the Plaintiff's infringement investigation procedures in the United States from July 24, 2014 through the present day.

Request 17 – All documentation related to your infringement investigation procedures in the United States from July 24, 2014 through the present day.

Request 18 – All documentation related to Nomadic's infringement investigation procedures in the United States from July 24, 2014 through the present day.

Request 19 – All documentation related to Mr. Kossof's infringement investigation procedures in the United States from July 24, 2014 through the present day.

Request 20 – To the extent that the Plaintiff claims any attorney-client privileged over any communications with John Haarlow, Jr. and Lindsay E. Dansdill because those communications were for the purpose of providing legal advice and or attorney work product (or any other privilege) then please provide a copy of all Letters of Engagement and other documentation that evidences the attorney-client relationship between you, the Plaintiff and/or John Haarlow, Jr. and Lindsay E. Dansdill and a detailed log of each and every allegedly privileged communication as described in Paragraph 7 of the Instructions.

Request 21 – All communications with John Haarlow, Jr. and Lindsay E. Dansdill related to the allegations in the Pleadings (including drafts of and finals of the Affidavit submitted in support of the Motion for a Temporary Restraining Order), the discovery of the allegedly false information submitted to the Court about the Defendant's infringement, and all other factual issues that relate to the inclusion of Butaby in this lawsuit and enforcement of the TRO/PI against Butaby.

Request 22 – All due diligence that you conducted into each Defendant before naming them in the lawsuit, and before drafting your Affidavit.

**DATED: OCTOBER 29, 2025**

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
bg@gottesmanlegal.com